UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COREY ANTHONY CHARLES** | CIVIL ACTION |
| **VERSUS** | NO. 17-3125 |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | SECTION: "H" |

___

| | |
|---|---|
| **STERLING WAYNE BOLER** | CIVIL ACTION |
| **VERSUS** | NO. 17-3499 |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | SECTION: "H" |

___

| | |
|---|---|
| **JACQUES PIERRE MCINNIS, JR.** | CIVIL ACTION |
| **VERSUS** | NO. 17-3555 |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | SECTION: "H" |

___

| | |
|---|---|
| **JESSE CANTU MEDEL, III** | CIVIL ACTION |
| **VERSUS** | NO. 17-3564 |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | SECTION: "H" |

___

| | |
|---|---|
| **DENNIS RAY MOORE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3574** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

_____

| | |
|---|---|
| **MARK L. PESCHLOW** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3598** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

_____

| | |
|---|---|
| **TEANDRA S. AUBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3628** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

_____

| | |
|---|---|
| **TERRIA JENKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4367** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

## **ORDER AND REASONS**

Before the Court are nearly identical motions submitted in nine different cases. Defendants BP Exploration & Production, Inc.; BP America Production Company; BP p.l.c.; Transocean Holdings, LLC; Transocean Deepwater, Inc.; Transocean Offshore Deepwater Drilling, Inc.; and Halliburton Energy

2

Services, Inc. ("collectively BP") filed Motions in Limine to Exclude the General Causation Opinions of Plaintiffs' Expert, Dr. Jerald Cook and Motions for Summary Judgment Due to Plaintiff's Inability to Prove Medical Causation in each of these cases. For the following reasons, the Motions are **GRANTED.**

## BACKGROUND

These nine cases are among the "B3 bundle" of cases arising out of the *Deepwater Horizon* oil spill.[1] This bundle comprises "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)."[2] These cases were originally part of a multidistrict litigation ("MDL") pending in the Eastern District of Louisiana before Judge Barbier. During this MDL, Judge Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, but the B3 plaintiffs either opted out of this agreement or were excluded from its class definition.[3] Subsequently, Judge Barbier severed the B3 cases from the MDL to be reallocated among the judges of this Court.[4] The above nine cases were reassigned to Section H.[5]

Plaintiffs Corey Anthony Charles; Sterling Wayne Boler; Jacques Pierre McInnis, Jr.; Jesse Cantu Medel, III; Dennis Ray Moore; Mark L. Peschlow; Teandra S. Aubert; and Terria Jenkins each filed lawsuits against Defendants

---

[1] *See* In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, No. 10-md-02179, R. Doc. 26924 at 1 (E.D. La. Feb. 23, 2021).
[2] *Id.*
[3] *Id.* at 2 n.3.
[4] *Id.* at 7–8.
[5] Medel v. BP Expl. & Prod., Inc., No. 17-3564, R. Doc. 6; McInnis v. BP Expl. & Prod., Inc. No. 17-3555, R. Doc. 6; Aubert v. BP Expl. & Prod., Inc., No. 17-3628, R. Doc. 6; Peschlow v. BP Expl. & Prod., Inc., No. 17-3598, R. Doc. 39; Charles v. BP Expl. & Prod., Inc., No. 17-3125, R. Doc. 6; Boler v. BP Expl. & Prod., Inc., No. 17-3499, R. Doc. 7; Jenkins v. BP Expl. & Prod., Inc., No. 17-4367, R. Doc. 6; Moore v. BP Expl. & Prod., Inc., No. 17-3574, R. Doc. 6.

based on their alleged exposure to toxic chemicals following the Deepwater Horizon oil spill in the Gulf of Mexico.[6] Each plaintiff was allegedly involved in cleanup or recovery work after the oil spill, and each contends that his or her resulting exposure to crude oil and dispersants caused a litany of health conditions.[7] Plaintiffs bring claims for general maritime negligence, negligence per se, and gross negligence against Defendants.[8]

Now before the Court in each of the above-captioned cases are Defendants' Motions in Limine to Exclude the General Causation Opinions Testimony of Plaintiffs' Expert and their Motions for Summary Judgment Due to Plaintiff's Inability to Prove Medical Causation. In each of the Motions in Limine, Defendants argue that Plaintiffs' expert on medical causation, Dr. Jerald Cook, fails to satisfy the Fifth Circuit's requirements for an admissible general causation opinion in toxic tort cases and should therefore be excluded as unreliable. In each of the Motions for Summary Judgment, Defendants argue that assuming their Motions in Limine are granted, each of the Plaintiffs lack expert testimony on general causation and therefore fail to present a genuine issue of material fact as to whether his injuries were caused by exposure to oil and dispersants. Plaintiffs oppose.

---

[6] *Medel*, No. 17-3564, R. Doc. 1-1 at 5; *McInnis*, No. 17-3555, R. Doc. 1-1 at 5; *Aubert*, No. 17-3628, R. Doc. 1-1 at 5; *Peschlow*, No. 17-3598, R. Doc. 1-1 at 5; *Charles*, No. 17-3125, R. Doc. 1-1 at 5; *Boler*, No. 17-3499, R. Doc. 1-1 at 5; *Jenkins*, No. 17-4367, R. Doc. 1-1 at 5; *Moore*, No. 17-3574, R. Doc. 1-1 at 5.

[7] *Medel*, No. 17-3564, R. Doc. 29 at 7–15; *McInnis*, No. 17-3555, R. Doc. 30 at 7–15; *Aubert*, No. 17-3628, R. Doc. 31 at 7–15; *Peschlow*, No. 17-3598, R. Doc. 28 at 7–15; *Charles*, No. 17-3125, R. Doc. 31 at 7–15; *Boler*, No. 17-3499, R. Doc. 31 at 7–15; *Jenkins*, No. 17-4367, R. Doc. 32 at 7–15; *Moore*, No. 17-3574, R. Doc. 30 at 7–15.

[8] *See* cases cited in *supra* note 7.

## **LEGAL STANDARDS**

### I.     *Daubert* Motion

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert may testify if: (1) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) the expert's testimony "is based on sufficient facts or data"; (3) the expert's testimony "is the product of reliable principles and methods"; and (4) the principles and methods employed by the expert have been reliably applied to the facts of the case. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the U.S. Supreme Court held that Rule 702 "requires the district court to act as a gatekeeper to ensure that 'any and all scientific testimony or evidence admitted is not only relevant, but reliable.'"[9] All types of expert testimony are subject to this gatekeeping.[10] The party offering the expert testimony bears the burden of proving its reliability and relevance by a preponderance of the evidence.[11]

The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[12] The Court may consider several nonexclusive factors in determining reliability, including: (1) whether the technique has been tested, (2) whether the technique has been subject to peer review and publication, (3) the technique's potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique

---

[9] Metrejean v. REC Marine Logistics, LLC, No. 08-5049, 2009 WL 3062622, at *1 (E.D. La. Sept. 21, 2009) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993)).
[10] *See* Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999).
[11] *See* Moore v. Ashland Chem. Co., 151 F.3d 269, 276 (5th Cir. 1998).
[12] Knight v. Kirby Inland Marine, Inc., 482 F.3d 347, 352 (5th Cir. 2007).

is generally accepted in the relevant scientific community.[13] Granted, the reliability analysis is a flexible one and "not every *Daubert* factor will be applicable in every situation."[14] As the gatekeeper of expert testimony, this Court enjoys broad discretion in determining admissibility.[15]

## II. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[16] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[17]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[18] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[19] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[20] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that

---

[13] *See* Burleson v. Tex. Dep't of Crim. Just., 393 F.3d 577, 584 (5th Cir. 2004).
[14] Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004).
[15] *See* Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 881 (5th Cir. 2013).
[16] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[17] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[18] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[19] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[20] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[21] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[22] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[23]

## LAW AND ANALYSIS

"B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response."[24] "The plaintiff's burden with respect to causation in a toxic tort case involves proof of both general causation and specific causation."[25] "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury."[26]

In each of the above-captioned cases Dr. Cook is listed as Plaintiffs only expert witness on causation.[27] On this topic, Dr. Cook produced a report dated

---

[21] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[22] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[23] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[24] In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL NO. 2179, 2021 WL 6053613, at *11 (E.D. La. Apr. 1, 2021).
[25] Davis v. BP Expl. & Prod., Inc., No. 17-4664, 2022 WL 2789027, at *1 (E.D. La. July 15, 2022).
[26] Knight v. Kirby Inland Marine Inc., 482 F.3d 347, 351 (5th Cir. 2007) (internal quotation marks omitted).
[27] *Medel*, No. 17-3564, R. Doc. 51-1 at 2; *McInnis*, No. 17-3555, R. Doc. 56-1 at 2; *Aubert*, No. 17-3628, R. Doc. 56-1 at 2; *Peschlow*, No. 17-3598, R. Doc. 47-1 at 2; *Charles*, No. 17-3125, R. Doc. 56-1 at 2; *Boler*, No. 17-3499, R. Doc. 55-1 at 2; *Jenkins*, No. 17-4367, R. Doc. 63-1 at 2; *Moore*, No. 17-3574, R. Doc. 52-1 at 2.

June 21, 2022, and entitled "Health Effects Among *Deepwater Horizon* Oil Spill Response and Cleanup Workers: A Cause and Effect Analysis."[28] This report is not unique to this case; another judge of this Court has described it as "an omnibus, non-case specific general causation expert report that has been used by many B3 plaintiffs."[29]

    Seven sections of the Eastern District of Louisiana, including this one, excluded an earlier version of Dr. Cook's report dated March 14, 2022.[30] Dr. Cook's June report does not appear to make any changes that disturb the reasons for excluding the March version. Indeed, at least four sections have already excluded the June 21, 2022, report as well.[31] Accordingly, for the same reasons articulated by Judges Africk, Ashe, Vance, Barbier, Morgan, and Zainey, the Court grants Defendants' Motions in Limine. Accordingly, Plaintiffs cannot prove general causation, and the Court also grants Defendants' Motions for Summary Judgment.

---

[28] *Medel*, No. 17-3564, R. Doc. 51-4; *McInnis*, No. 17-3555, R. Doc. 56-4; *Aubert*, No. 17-3628, R. Doc. 56-4; *Peschlow*, No. 17-3598, R. Doc. 47-4; *Charles*, No. 17-3125, R. Doc. 56-4; *Boler*, No. 17-3499, R. Doc. 55-4; *Jenkins*, No. 17-4367, R. Doc. 63-4; *Moore*, No. 17-3574, R. Doc. 52-4.

[29] McIntosh v. BP Expl. & Prod., Inc., No. 13-1020, 2022 WL 2342480, at *1 (E.D. La. June 29, 2022).

[30] *See, e.g.,* Johns v. BP Expl. & Prod. Inc., No. 17-3304, 2022 WL 1811088 (E.D. La. June 2, 2022) (Ashe, J.); Coleman v. BP Expl. & Prod., Inc., No. 17-4158, 2022 WL 2314400 (E.D. La. June 28, 2022) (Vance, J.); *McIntosh*, 2022 WL 2342480 (Barbier, J.); Harrison v. BP Expl. & Prod. Inc., No. 17-4346, 2022 WL 2390733 (E.D. La. July 1, 2022) (Morgan, J.); *Davis*, 2022 WL 2789027 (Zainey, J.); Turner v. BP Expl. & Prod. Inc., No. CV 17-3225, 2022 WL 2967441 (E.D. La. July 27, 2022) (Africk, J.); Reed v. BP Expl. & Prod., Inc., No. CV 17-3603, 2022 WL 3099925 (E.D. La. Aug. 4, 2022) (Milazzo, J.).

[31] Moore v. BP Expl. & Prod., Inc., No. CV 17-4456, 2022 WL 3594631, at *10 (E.D. La. Aug. 23, 2022) (Vance, J.); Cantillo v. BP Expl. & Prod., No. 17-3226, R. Doc. 35 (E.D. La. Aug. 5, 2022) (Barbier, J.); Seay v. BP Expl. & Prod., No. 17-4244, R. Doc. 53 (E.D. La. Aug. 5, 2022) (Barbier, J.); Yarbrough v. BP Expl. & Prod., No. 17-4292, R. Doc. 53 (E.D. La. Aug. 5, 2022) (Barbier, J.); Magee v. BP Expl. & Prod., No. 17-4399, R. Doc. 54 (E.D. La. Aug. 8, 2022) (Ashe, J.); McMillan v. BP Expl. & Prod., No. 17-3396, R. Doc. 61 (E.D. La. Sept. 14, 2022) (Guidry, J.).

## **CONCLUSION**

For the foregoing reasons, Defendants' Motions in Limine and Motions for Summary Judgment are **GRANTED**.

**IT IS ORDERED** that all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 4th day of November, 2022.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**